**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| DALLAS NATIONAL INSURANCE CO., | ) FILED: November 30, 2010 |
| | ) |
| | ) CASE NO.: 10-7620 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ENTERTAINMENT MEDIA SPECIALISTS, INC. and GABRIELLA CEDILLO, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Entertainment Media Specialists, Inc. ("EMS") hereby gives notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiff Dallas National Insurance Company ("Dallas National") commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, Chancery Division, on November 5, 2010, styled *Dallas National Insurance Co. v. Entertainment Media Specialists, Inc.*, et al., No. 10CH48027 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. Defendant EMS is the insured of Dallas National under Workers Compensation and Employers Liability Insurance Policy No. WCMU12176 for the period from August 1, 2010 through August 1, 2011 (the "Policy").

3. Defendant Gabriela Cedillo was severely injured on September 1, 2010 while working as an extra on the set of *Transformers 3* in Hammond, Indiana. In connection with this injury, on or about October 8, 2010, a claim was filed on behalf of Cedillo before the Illinois Workers' Compensation Commission ("IWCC") (the "Cedillo Claim").

4. The Complaint alleges that Dallas National does not owe workers' compensation coverage to its insured, EMS, under the Policy in connection with the Cedillo Claim.

5. Defendant EMS was served with the summons and Complaint in the State Court Action on November 24, 2010.

6. This Notice of Removal is timely because it is being filed within thirty (30) days from the date Defendant EMS was served with the summons and Complaint.

**GROUNDS FOR REMOVAL**

7. Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between all parties, the amount in controversy exceeds $75,000, and Defendant Cedillo has not been properly served and is otherwise only a nominal party in the State Court Action.

8. Dallas National was and is a Texas stock insurance company at all times relevant to the State Court Action.

9. EMS was and is a California corporation at all times relevant to the State Court Action.

10. Cedillo was and is a resident of the State of Illinois at all times relevant to the State Court Action.

11. While the Complaint does not set forth the specific sum of workers' compensation benefits at issue in the workers' compensation claim filed on behalf of Cedillo with the Illinois

Workers' Compensation Commission, it is apparent that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Cedillo sustained severe injuries to her head and has been receiving substantial in-patient and out-patient medical care since September 1, 2010.

12. As of the time of this Notice of Removal, only Defendant EMS has been served with a copy of the summons and the Complaint. As such, only the citizenship of EMS and Dallas National, a Texas company, need be considered for purposes of removal. Ott v. Consolidated Freightways Corp. of Delaware (S.D. Miss. 2002) 213 F.Supp.2d 662, 665 (courts have held, virtually uniformly, that where diversity exists between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)).

13. In addition, while ordinarily all defendants must consent to removal, under an exception to this "unanimity rule," a removing defendant need not obtain the consent of another, unserved defendant to remove a case to federal court. Varela v. Flintlock Const., Inc. (S.D.N.Y. 2001) 148 F.Supp.2d 297, 300. Here, since Defendant Cedillo has not yet been served, her consent is not necessary.

14. Further, Defendant Cedillo is not a party to the insurance policy, is not a necessary or "real and substantial" party to the litigation, and therefore the Court may, even in the absence of Defendant Cedillo, enter a full and final judgment favoring Dallas National on the relief it seeks. Thus, Cedillo is only a nominal defendant whose citizenship is not considered for removal purposes. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assn (5th Cir. 1970) 427 F.2d 325, 327; see also Walden v. Skinner (1880) 101 U.S. 577, 589 ("mere formal parties do not oust the jurisdiction of the court, even if they are without the requisite citizenship, where it appears that the real controversy is between citizens of different States").

## COMPLIANCE WITH REMOVAL PROCEDURES

15. EMS has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the notice of removal is being filed within 30 days of the service of the lawsuit.

16. Notice of this Removal is being provided to Plaintiff Dallas National, through its attorneys of record, Scopelitis, Garvin, Light, Hanson & Feary, P.C., 30 West Monroe Street, Suite 600, Chicago, Illinois 60603, and the Circuit Court of Cook County, Illinois.

17. Pursuant to § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of Cook County, in Case No. 10CH48027.

18. A copy of all process, pleadings and orders served on the defendant is attached hereto.

WHEREFORE, for the foregoing reasons, Defendant EMS removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over this action.

Respectfully submitted,

Entertainment Media Specialists, Inc.

Dated: November 30, 2010    By: s/ David A. Shaneyfelt

One of its attorneys

David A. Shaneyfelt
ANDERSON KILL WOOD & BENDER, P.C.
864 East Santa Clara Street
Ventura, California 93001
(805) 288-1300

## **CERTIFICATE OF SERVICE**

I, David A. Shaneyfelt, an attorney, hereby certify that on November 30, 2010, I caused a copy of the foregoing Notice of Removal to be served via United States Mail, first class postage prepaid, upon the following:

> Scopelitis, Garvin, Light, Hanson & Feary, P.C.
> 30 West Monroe Street, Suite 600
> Chicago, Illinois 60603

s/ David A. Shaneyfelt

David A. Shaneyfelt

# EXHIBIT A

Firm Id. No. 35986

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DALLAS NATIONAL INSURANCE CO., | 10CH48027 |
| Plaintiff, | |
| vs. | No. _____ |
| ENTERTAINMENT MEDIA SPECIALISTS, INC. and GABRIELLA CEDILLO, |  |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dallas National Insurance Co. ("DNIC"), by and through its attorneys, Scopelitis, Garvin, Light, Hanson & Feary, P.C., for its Complaint for Declaratory Judgment against Defendants, Entertainment Media Specialists, Inc. ("EMS") and Gabriella Cedillo ("Cedillo"), states the following:

1. DNIC is a Texas stock insurance company with its principal place of business in Dallas, Texas and, at all times relevant to this Complaint, was duly authorized to conduct the business of workers' compensation insurance.

2. EMS is a Florida for-profit corporation with its principal place of business in Encino, California that operates as an entertainment payroll company serving the feature film, television, commercial, and news media industries.

3. Cedillo is an individual residing in Chicago Ridge, Cook County, Illinois.

1

4. This is an action for declaratory relief pursuant to Section 2-701 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701, due to the existence of an actual controversy over the construction of a contract of insurance between DNIC and EMS and in which Cedillo claims an interest.

5. Venue is appropriate in this Court pursuant to 735 ILCS 5/2-101 because Cedillo is a resident of Cook County and because Cook County is the location of some part of the transactions out of which this cause of action arises.

6. On October 21, 2010, Cedillo filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission (the "Commission") alleging that, while in EMS's employ, she sustained severe and permanent personal injuries in a work-related accident occurring on September 1, 2010. A true and correct copy of Cedillo's Application for Adjustment of Claim evidencing her claim for workers' compensation benefits against EMS ("Cedillo's Claim") is attached as Exhibit A.

7. Cedillo's Claim alleges she was hired by EMS in Chicago, Illinois and sustained her work-related injury in Hammond, Indiana.

8. DNIC insures EMS against workers' compensation liability under Policy No. WCMU12176 (the "Policy") issued for the policy period August 1, 2010 to August 1, 2011. A true and correct copy of the Policy is attached as Exhibit B.

9. EMS has made demand upon DNIC for defense and indemnity on Cedillo's Claim, but DNIC denies that any coverage is owed pursuant to the terms and conditions of the Policy.

10. Part One of the Policy – issued in reliance upon EMS's request for coverage only in certain specified states – insures EMS against workers' compensation liability under the laws of Arizona, Hawaii, Louisiana, Massachusetts, Michigan, North Carolina, New Mexico, Pennsylvania, and South Carolina only. Part One of the Policy does <u>not</u> insure EMS's liability under the laws of Illinois, where Cedillo alleges she was hired by EMS and has filed her claim, or under the laws of Indiana, where Cedillo alleges she was injured.

11. Part Three of the Policy contains an "Other States Insurance" clause, which provides as follows:

    **A.**   **How This Insurance Applies**

        1. This other states insurance applies only if one or more states are show in Item 3.C. of the Information Page.

        2. If you begin work in any one of those states <u>after the effective date of this policy</u> and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

        3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

        4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, <u>coverage will not be afforded for that state unless we are notified within thirty days</u>.

**B.** **Notice**
Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

(Emphasis supplied).

12. The purpose of the "Other States Insurance" clause is to afford the insured coverage for incidental and unexpected liability arising in a state in which work by the insured's employees was not anticipated by the insured at the time of the Policy's inception.

13. Upon information and belief and unbeknownst to DNIC at the time the Policy was issued, EMS anticipated work by its employees in Illinois and Indiana before the August 1, 2010 inception date of the Policy, thus rendering the "Other States Insurance" clause ineffective.

14. Moreover, by its express terms, the "Other States Insurance" clause applies only (a) when the insured commences work in an "other" state after the inception date of the Policy or (b) if the insured has work in an "other" state on the inception date and affords DNIC notice thereof within 30 days of that date.

15. Upon information and belief, EMS commenced work in Illinois and Indiana before the Policy's inception date, and it also failed to provide DNIC with the 30 days' notice required under the terms of the "Other States Insurance" clause.

4

16. DNIC, therefore, does not owe coverage to EMS under either Part One or Part Three of the policy, and, because no other term or condition of the Policy affords EMS coverage, EMS is not entitled to defense and indemnity for Cedillo's Claim.

17. An actual controversy exists between DNIC, EMS, and Cedillo, and, by the terms and provisions of Section 2-701 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701, this Court is vested with the power to declare and adjudicate the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary and just.

18. Under *Employers Mutual Companies v. Skilling*, 163 Ill.2d 284, 644 N.E.2d 1163 (1994) and *Country Mutual Insurance Co. v. D&M Tile, Inc.*, 394 Ill.App.3d 729, 916 N.E.2d 606 (2009), this Court's authority to adjudicate the parties' rights and liabilities under the Policy is also paramount to that of the Commission, thus entitling DNIC to the relief sought herein.

WHEREFORE, DNIC respectfully requests the Court for a declaratory judgment in its favor and against EMS and Cedillo as follows:

    a. Determining that DNIC owes no duty to defend or indemnify EMS for or in connection with Cedillo's Claim;

    b. Determining that Cedillo is not entitled to recover any benefits whatsoever from or under the Policy in connection with Cedillo's Claim; and

    c. Awarding DNIC such other relief as the Court deems necessary and just.

Dated: November 5, 2010

Respectfully submitted,

**DALLAS NATIONAL INSURANCE COMPANY**

By: _____
    One of its Attorneys

Adam C. Smedstad
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 W. Monroe St., Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200
Facsimile: (312) 422-1224

6