UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALLAS NATIONAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> ENTERTAINMENT MEDIA SPECIALISTS, et al., <br><br> Defendants. | No. 10 C 7620 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Defendant, Gabriella Cedillo, was working on the set of the movie *Transformers 3* when she was severely injured. The instant action was filed by Plaintiff, an insurance company, claiming that Defendants have no coverage under its policy. Defendant Entertainment Media Specialists ("EMS") properly removed this action, but now, later-served Defendant Gabriella Cedillo ("Cedillo") seeks remand based on the "forum defendant" rule and the "consent-to-removal rule." For the following reasons, Cedillo's motion to remand is denied.

## II. STATEMENT OF FACTS

Cedillo was an extra on the filming set of the *Transformers 3* movie. She suffered severe injuries when the welding on a bracket broke loose on a stunt car being towed in the opposing lane of travel and struck her in the head, leaving her with significant brain damage. Adolofo Romo was appointed as guardian of the Estate of Gabriella Cedillo, and filed a complaint in the Circuit Court of Cook County, Illinois. That case was removed to the Northern District of Illinois, and is currently pending before Judge Guzman. Cedillo also filed an Application for

Adjustment Claim with the Illinois Workers' Compensation Commission alleging that while in the employ of EMS she was severely and permanently injured. Dallas National sought declaratory relief involving the construction of its insurance contact with EMS, which Cedillo claimed an interest.

Plaintiff Dallas National originally filed this action in the Circuit Court of Cook County, Illinois and named both EMS and Cedillo as Defendants. Dallas National served EMS on November 23, 2010, and on November 30, 2010, EMS removed this case. Cedillo was served on March 4, 2011. On March 10, 2011, Cedillo filed her motion to remand. Both EMS and Dallas National oppose Cedillo's motion for remand.

EMS also filed its own lawsuit against Dallas National in the United States District Court for the Central District of California. Because there were two competing lawsuits raising many of the same issues, EMS filed a motion to stay this action in favor of the California Action. Dallas National filed a similar motion to dismiss or transfer the California action to this Court. On March 14, 2011, the California court granted Dallas National's motion and transferred the California Action to the Northern District of Illinois.

**III. DISCUSSION**

Cedillo advocates for remand because removal violates the "forum-defendant rule," 28 U.S.C. § 1441(b), and the consent-to-remove rule, 28 U.S.C. § 1441(a). In accordance with § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by a defendant. Pursuant to the forum-defendant rule, an action is removable based on diversity of citizenship jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in

which such an action is brought." 28 U.S.C. § 1441(b).  A defendant that is a citizen of such a state may file a motion for remand within 30 days after the filing of the notice of removal, pursuant to § 1446(a).  28 U.S.C. § 1447( c).  Recognizing that her motion for remand is not within the 30-day proscribed period, Cedillo cites to 28 U.S.C. § 1448 which states that a defendant who has not been served with process after the removal of a case from a state court to a district court will not be deprived of his right to remand the case.  Accordingly, the issue here is whether a later-served defendant may assert her right to remand, where she was served after the 30-day period proscribed by § 1447(c) has expired.

Defendant EMS and Plaintiff Dallas National Insurance Co.,[1] oppose Cedillo's motion as among other things, untimely.  Pursuant to 28 U.S.C. § 1447( c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Cedillo asserts that both the "forum defendant" rule and consent-to-removal rule are grounds for granting her motion for remand.  Cedillo filed her motion for remand six days after being served, but well after 30 days of the notice of removal being filed.  There is no clear answer to the question now before me, with courts taking two distinct approaches.  Each approach attempts to balance competing interests, yet yields differing results.  One approach, advocated by Cedillo, would start the 30-day clock anew for each defendant served.  Under this theory, Cedillo's motion for remand is certainly timely.  Conversely, a second theory begins counting down the 30-day period once the

---

[1] Though Dallas National initially filed in Illinois state court, it now wishes to proceed in the Northern District of Illinois.

3

first defendant has been served. In accordance with this theory, Cedillo's motion to remand is untimely.

### A. The Local-Defendant Rule Is Procedural, Not Jurisdictional.

Plaintiff first argues that the local-defendant rule is procedural rather than jurisdictional. Accordingly, because Cedillo's motion for remand was not filed within 30 days of the notice of removal, she has waived her right to assert this rule. In support of this argument, Plaintiff cites to *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377 (7th Cir. 2000). In *Hurley*, the plaintiff failed to seek remand after the defendants had filed their notice of removal, where one later-added defendant, Pines, was a forum defendant. The Seventh Circuit held that the forum defendant rule is procedural, and therefore waiveable. *Hurley*, 222 F.3d at 380. Accordingly, once Pines was added to the case, the plaintiff had 30 days to object to removal. Similarly, here EMS could have chosen to return to state court, but chose not to, therefore waiving its right to remand based on the forum defendant rule. Though addressing the impact on a plaintiff who fails to seek remand, *Hurley*, does not address the question of whether a later-served defendant may restart the 30-day clock, a question relevant to this motion. Therefore, while *Hurley*, does instruct that the forum-defendant rule is procedural and therefore waivable, it does not assist in determining whether Cedillo's motion for remand is timely or has been waived.

### B. Cedillo's Motion For Remand Is Untimely.

The question at issue in this motion asks when the 30-day limitation period of § 1447 is triggered. Cedillo argues that the statute will not be triggered for any given defendant until that defendant is served. This principle, argues Cedillo, is set forth in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), where the Court stated that "[a]n individual or

entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347-48. It would follow, then, that Cedillo's 30-day limitation period for remand may only be triggered once the party is formally served. Applying this principle to the case at hand, Cedillo would have 30 days from her date of service to move to remand the case back to state court.

Such an interpretation, while in accordance with policy set forth in *Murphy*, does not account for underlying principles set forth by Congress in the statutes at issue. There are two competing interests at stake – the ability of a defendant to remove or remand a case, and the need to ensure finality of jurisdiction and limit shuffling cases between state and federal courts. It is undisputed that if a removal petition is filed by a served defendant, and another defendant is subsequently served, the later defendant may accept the removal or exercise its right to choose the state forum pursuant to § 1448. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). However, it does not necessarily follow that each defendant has 30 days from being served to file a motion for remand. As articulated by the Fifth Circuit "strict adherence to this [30 day] deadline comports with the purpose of § 1447(c) as it prevents courts or the parties from being "subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction." *F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th 1992). Courts have taken different approaches to ensure equity and balance the policies set forth by the Supreme Court and Congress. The two most advocated approaches are the "first-served defendant" rule, and the "last-served defendant" rule. In accordance with the first-served defendant rule, the statutorily proscribed period would begin to run after the first defendant is served. Conversely, the last-served defendant rule allows each defendant 30 days to file for removal or remand following

service.  Additional policy considerations noted by various courts include a desire to resolve litigation swiftly, account for the plaintiff's forum selection, and avoid any 'gaming' or abuse that could come with allowing a newly served defendant to change venue.

Cedillo cites to *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524 (7th Cir. 2004) to show the Seventh Circuit's intention to allow remand to a later-served defendant.  *Boyd*, however, lends little guidance to the resolution of this issue.  In *Boyd*, no defendant removed the action to federal court within thirty days of service, despite the presence of federal claims.  *Id*. at 529.  After the plaintiff's loans were assigned to another entity, it immediately removed the case to federal court.  *Id*.  After removal, the plaintiff filed a motion to remand the case back to state court, rasing the appearance of impropriety on the part of the defendants.  *Id*.  The Seventh Circuit, while acknowledging that the Eighth Circuit has held that a later-named defendant has thirty days from the date of service to file a notice of removal, even if the prior-named co-defendants did not remove, did not offer an opinion on this issue.  *Id*. at 530.  In fact, the *Boyd* court noted that two leading treatises diverge regarding their recommendation of how to resolve the issue of whether to allow a later-served defendant 30-days from the time of its service, or 30 days from the time of service on the first defendant.  *Id*.  The Court held that regardless of how that question was resolved, "the removal statutes do not permit defendants deliberately to manipulate assignments so that the 30-day time limit on removal found in § 1446(b) can be avoided." *Id*.  The question of manipulation was present in *Boyd*, though, not here.

Recognizing no clear Seventh Circuit precedent, Cedillo also directs my attention to the Eighth Circuit.  In *Marano Enterps. of Kan. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001), the Eighth Circuit found that in light of *Murphy Bros.*, each defendant would be entitled

6

to 30 days after receiving service within which to file a notice of removal, regardless of when, or if, a previously served defendant had filed such notices. *Marano*, 254 F.3d at 756. In so holding, the Court concluded that allowing a later-served defendant its statutorily proscribed 30-day period was more consistent with *Murphy Bros*. than a more formal first-served defendant approach. *Marano*, 254 F.3d at 756. Likewise, the Sixth and Eleventh Circuits have concluded that the last-served defendant rule is preferable. *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F.Supp.2d 1005, 1009 (N.D. Ill. 2009). This approach differs from the rule employed by the Fifth and Fourth Circuits, whereby the 30-day clock begins to run as soon as the first defendant is served. *Getty Oil*, 841 F.2d at 1263; *Barbour v. Int'l Union*, - - F.3d. - - , 2011 WL 242131 at *11 (4th Cir. 2011). Under the first-served defendant rule, a later-served defendant is not afforded an opportunity to extend the 30-day period, despite having not been served during that period.

Both approaches have been employed in this Court. In *Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F.Supp.2d 928, 932 (N.D. Ill. 2000), the Northern District considered *Murphy Bros*. (holding that the 30-day removal period does not begin to run until after a defendant is formally served.) Acknowledging this rule, this court proceeded to follow the "first-served defendant" rule." *Id*. at 932; *Regalado v. City of Chicago*, 946 F.Supp. 560 (N.D. Ill. 1996); *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 529 (N.D. Ill. 1984) ("[I]f defendants are served at different times, and the first served defendant fails to file a removal petition within 30 days, later-served defendant cannot remove within 30 days of their service."). Conversely, in *Save-A-Life*, the court found that the later-served defendant rule was more

7

consistent with *Murphy Bros*. and provided a more equitable result. *Save-A-Life Foundation, Inc. v. Helmlich*, 601 F.Supp.2d 1005, 1009 (N.D. Ill. 2009).

One case within this district, and relied upon by EMS and Dallas National, has held that the 30-day time limit after the filing of the notice of removal applies even to those defendants who have not been served during the pendency of that 30 days. *Schmude v. Sheahan*, 198 F.Supp.2d 964 (N.D. Ill. 2002). In *Schmude*, at the time of removal only one defendant had been served with the original complaint. *Id*. at 965. Though it is unclear when, or if, the individual defendant who later sought remand was properly served, it is undisputed that his motion to remand was filed well after the 30-day period following removal had passed. *Id*. In *Schmude*, the later-served defendant argued that defendants have an absolute veto power over removals. *Id*. at 967. The *Schmude* court found this proposition to be overbroad, stating that the consent of all defendants is *not* a jurisdictional requirement, but a procedural prerequisite for removal limited to those defendants that have been served with process. *Id*. at 967-68. This court also noted that § 1448 must be read *in pari materia* with § 1447, "so that any later served defendant objecting to removal must bring its motion to remand within 30 days of the notice of removal." *Id*. at 968. Accordingly, the *Schmude* court found that because the defendant was not served at the time of removal, his consent at that time was not necessary. *Id*. Moreover, the court found his motion to remand, filed approximately five months after the notice of removal was filed, untimely. *Id*.

Cedillo attempts to distinguish *Schmude* because it involved a case arising out of a federal statute, therefore supplying federal jurisdiction. While this is true, I still find the court's reasoning as to §§ 1448 and 1447 persuasive.

As there is no controlling precedent from the Seventh Circuit, I am persuaded that in this case, the facts and law require me to deny remand. Here, litigation has proceeded in both this court, and a federal court in California. The California court transferred the case to this district based on the factors set forth in 28 U.S.C. § 1404, which controls the transfer of cases between federal courts. Moreover, the plaintiff has accepted federal court as its venue, and opposes remand. While I am not unsympathetic to Cedillo's assertion that precluding her from moving from remand at this time is unfair, I find that this result comports with the precedent and policy concerns raised by this motion.

**IV. CONCLUSION**

For the foregoing reasons, Cedillo's motion for remand is denied.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: May 3, 2011